### KROEGER et ux. v. RISHER.
### No. 8602.

Court of Civil Appeals of Texas. San Antonio.
April 22, 1931.

C. C. Carsner, of Victoria, for appellants.

K. D. Hall and E. G. Brown, both of Refugio, for appellee.

COBBS, J.

This suit was instituted by R. L. Risher, appellee, against J. H. Kroeger and his wife, Mary Kroeger, appellants, upon a cause of action arising out of an oral contract between appellants and appellee. Appellee alleged that on or about March 1, 1930, he contracted with appellants to drill a water well on the premises where they now reside. That under the terms of the contract appellee was to perform all labor and furnish all material for drilling and completing the well, and for such labor he was to receive a reasonable salary, and appellants were to pay for all piping and other equipment to be used in equipping said well, the total cost amounting to $253.40. Appellee alleged that appellants breached their contract with him, and that he was compelled to employ an attorney to prosecute and maintain his suit, at an expense of $50. He prayed for judgment in the sum of $303.40, being the amount of the contract, $253.40, plus $50, attorney's fees.

The answer of the defendants was by general denial and special answer. In their answer they set up the fact that about June 9, 1927, defendant J. H. Kroeger entered into a verbal agreement with appellee to drill an artesian well, stating the terms of the contract; that said well was drilled, for which service the defendant paid Risher, the plaintiff, $1,080 for drilling, and purchased curbing to the amount of $378, and one screen of the value of $45, aggregating $1,503; that at the time of the payment for said first well, plaintiff agreed should the first well not be a success to either return the money or drill and complete another well for defendant J. H. Kroeger; that the first well was not a success, and that the well which constitutes the subject of this suit was drilled to comply with plaintiff's said agreement, but was never completed according to the specifications agreed to by plaintiff and defendant so as to furnish the quantity of water as guaranteed by plaintiff, nor did it supply the needs of defendant, which plaintiff had undertaken to supply, and defendant brings cross-action.

This suit is in respect to the second well. Though a very simple fact case there are three assignments of error.

The jury answered at the time of the payment upon the first well there was an agreement as to a second well, and that R. L. Risher agreed to drill another well in accordance with his contract, should he fail as to the first well. So the matters herein grow out of the drilling of the second well, never completed.

In this case under the numerous points submitted to the jury the findings were in favor of appellee, and, as the same were jury questions, we feel no disposition to interfere with them.

We think the case has been fairly tried and justice administered. The findings are approved, and the judgment is affirmed.